UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DEBORAH ANN FELL,

    Plaintiff,

v.                                                Case No. 3:13cv458/CJK

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.
_____/

## MEMORANDUM ORDER

    This case is before the court pursuant to 42 U.S.C. § 405(g) for review of a final determination of the Commissioner of Social Security ("Commissioner") denying Deborah Ann Fell's application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 1381-1383f. The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and FEDERAL RULE OF CIVIL PROCEDURE 73 for all proceedings in this case, including entry of final judgment. Upon review of the record before this court, I conclude that the findings of fact and determinations of the Commissioner are supported by substantial evidence. The decision of the Commissioner, therefore, will be affirmed.

## ISSUES ON REVIEW

    Plaintiff, who will be referred to as claimant, plaintiff, or by name, raises a single issue on appeal – whether the Appeals Council erred in failing to remand this matter to the Administrative Law Judge ("ALJ") on the basis of "new and material"

Case No. 3:13cv458/CJK

evidence.

## PROCEDURAL HISTORY

Claimant filed an application for SSI on August 20, 2010, alleging disability beginning on September 17, 2009.  T. 21, 139.[1]  The claim initially was denied, and the denial was upheld on reconsideration.  T. 21.  Claimant filed a written request for hearing on December 7, 2010.  T. 21.  Claimant's request was granted, and she appeared before an ALJ for a video hearing on April 9, 2012.  T. 21.  On July 9, 2012, the ALJ issued a decision denying claimant's application for benefits.  T. 21-32.  Claimant requested further review from the Appeals Council, which denied her request.  T. 1-6.  As a result, the ALJ's decision became the final determination of the Commissioner.

## FINDINGS OF THE APPEALS COUNCIL

In denying claimant's request for further review, the Appeals Council considered the additional evidence claimant submitted and found no reason under its rules to review the ALJ's decision.  T. 1.

## ANALYSIS

If a claimant submits new noncumulative and material evidence to the Appeals Council after the ALJ's decision, the Appeals Council must consider the evidence if it relates to the time period on or before the date of the ALJ's hearing decision.  20 C.F.R. § 404.970(b).  "Material" evidence is evidence that is "relevant and probative so that there is a reasonable possibility that it would change the administrative result."

---

[1] The administrative record, as filed by the Commissioner, consists of eight volumes (docs. 9-1 through 9-8) and has 445 consecutively numbered pages.  References to the record will be by "T.," for transcript, followed by the page number.

Case No. 3:13cv458/CJK

*Milano v. Bowen*, 809 F.2d 763, 766 (11th Cir. 1987) (quotation omitted). When evidence is submitted for the first time to the Appeals Council, the new evidence becomes part of the administrative record. *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1067 (11th Cir. 1994). The Appeals Council considers the entire record, including the new, material, and chronologically relevant evidence, and reviews the ALJ's decision if the ALJ's "action, findings, or conclusion is contrary to the weight of the evidence currently of record." 20 C.F.R. § 404.970(b). The role of this court is to "review whether the new evidence renders the denial of benefits erroneous." *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1262 (11th Cir. 2007).

Here, the Appeals Council considered the new evidence plaintiff submitted and found that it provided no basis for changing the ALJ's decision. The issue, then, is whether the Appeals Council properly declined to review the ALJ's decision in light of the newly submitted evidence. In making this determination, the court must consider the entire record, including the evidence submitted to the Appeals Council, to determine whether the denial of benefits was erroneous or whether the Commissioner's final decision is supported by substantial evidence. *Ingram*, 496 F.3d at 1262, 1266–67. Substantial evidence is "'such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (*quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938)). With reference to other standards of review, the Eleventh Circuit has said that "'[s]ubstantial evidence is more than a scintilla . . . .'" *Somogy v. Comm'r of Soc. Sec.*, 366 F. App'x 56, 62 (11th Cir. 2010) (*quoting Lewis*, 125 F.3d at 1439). Although the Commissioner's decision need not be supported by a

preponderance of the evidence, therefore, "it cannot stand with a 'mere scintilla' of support." *See Hillsman v. Bowen*, 804 F.2d 1179, 1181 (11th Cir. 1986). Even if the evidence preponderates against the Commissioner's decision, the decision must be affirmed if supported by substantial evidence. *See Sewell v. Bowen*, 792 F.2d 1065, 1067 (11th Cir. 1986).

When reviewing a Social Security disability case, the court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner] . . . .'" *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990) (*quoting Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)). A reviewing court also may not look "only to those parts of the record which support the [Commissioner,]" but instead "must view the entire record and take account of evidence in the record which detracts from the evidence relied on by the [Commissioner]." *See Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983). Review is deferential to a point, but the reviewing court conducts what has been referred to as "an independent review of the record." *See Flynn v. Heckler*, 768 F.2d. 1273 (11th Cir. 1985); *see also Getty ex rel. Shea v. Astrue*, No. 2:10–cv–725–FtM–29SPC, 2011 WL 4836220 (M.D. Fla. Oct. 12, 2011); *Salisbury v. Astrue*, No. 8:09-cv-2334-T-17TGW, 2011 WL 861785 (M.D. Fla. Feb. 28, 2011).[2]

Upon review of the record in this case, it is clear that the Appeals Council did not err in refusing to remand the matter to the ALJ in light of the newly submitted evidence. Such evidence consists of a Medical Opinion Re: Ability to Do Work-

---

[2] The Eleventh Circuit not only speaks of an independent review of the administrative record, but it also reminds us that it conducts a *de novo* review of the district court's decision on whether substantial evidence supports the ALJ's decision. *See Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

Related Activities (Physical) ("Opinion"), completed on August 6, 2012, by plaintiff's pain management doctor, David E. Fairleigh., M.D.  T. 443-44.  In the Opinion, which is a pre-printed, check-off form, Dr. Fairleigh indicated that plaintiff could occasionally lift and/or carry twenty pounds, frequently lift and/or carry ten pounds, stand and walk approximately three hours total in an eight-hour workday, sit for approximately four hours in an eight-hour workday, and sit or stand for thirty minutes before needing to change positions.  T. 443.  Dr. Fairleigh checked that plaintiff must walk around for five minutes every forty-five minutes and must be able to shift at will from sitting to standing/walking.[3]  T. 443.  Dr. Fairleigh further indicated that plaintiff could occasionally twist, stoop, and climb stairs but never crouch or climb ladders and had limitations in reaching and pushing/pulling.  T. 444.  When asked, on average, how often he anticipated that plaintiff's impairments or treatment would cause her to be absent from work, Dr. Fairleigh responded that it "depends on restrictions but if no restrictions and full duty heavy work," more than four days per month.  T. 444.

Dr. Farleigh's opinion was rendered one month after the ALJ's decision – and five months after Dr. Farleigh's last documented visit with plaintiff – and contains no indication that it applied retroactively.  As a result, it is not even clear that the opinion relates to the time period on or before the date of the ALJ's decision.  Even assuming Dr. Fairleigh's opinion relates to the pertinent time period, it is entitled to little weight.  Absent good cause, the opinion of a claimant's treating physician must be accorded considerable or substantial weight by the Commissioner.  *Phillips v.*

---

[3] Notably, in contrast to plaintiff's testimony, Dr. Fairleigh indicated that plaintiff would not need to lie down at unpredictable intervals during an eight-hour working shift.  T. 443.

*Barnhart*, 357 F.3d 1232, 1240-1241 (11th Cir. 2004); *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *Broughton v. Heckler*, 776 F.2d 960, 960-961 (11th Cir. 1985); *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986). "Good cause" exists when: (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Phillips,* 357 F.3d at 1241; see also *Lewis*, 125 F.3d at 1440 (citing cases).

If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(d)(2). Where a treating physician merely makes conclusory statements, however, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments. *See Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986); *see also Schnor v. Bowen,* 816 F.2d 578, 582 (11th Cir. 1987). When a treating physician's opinion does not warrant *controlling* weight, the ALJ must nevertheless weigh the medical opinion based on (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) medical evidence supporting the opinion; (4) consistency with the record as a whole; (5) specialization in the medical impairments at issue; and (6) other factors which tend to support or contradict the opinion. 20 C.F.R. 404.1527(d). A brief and conclusory statement that is not supported by medical findings, even if made by a treating physician, is not persuasive evidence of disability. *Johns v. Bowen*, 821 F.2d 551, 555 (11th Cir. 1987); *Warncke v. Harris*,

619 F.2d 412, 417 (5th Cir. 1980).

The law concerning conclusory statements is particularly applied where a doctor, even one who has treated the claimant, expresses opinions on a preprinted or "check-off" form. Such opinion evidence will not bind the Commissioner. Indeed, courts have found that such preprinted forms do not provide persuasive evidence of the validity of the opinions expressed therein. *See Hammersley v. Astrue*, No. 5:08-cv-245-Oc-10GRJ, 2009 WL 3053707, at *6 (M.D. Fla. Sept. 18, 2009) ("Check-off forms . . . have limited probative value because they are conclusory and provide little narrative or insight into the reasons behind the conclusions." (*citing Spencer ex rel. Spencer v. Heckler*, 765 F.2d 1090, 1094 (11th Cir. 1985)); *Mason v. Shalala*, 994 F.2d 1058, 1065 (3d Cir. 1993))). Although such forms are admissible, "they are entitled to little weight and do not constitute 'substantial evidence' on the record as a whole." *O'Leary v. Schweiker*, 710 F. 2d 1334, 1341 (8th Cir. 1983).

Because Dr. Fairleigh's opinion consists of conclusory statements expressed on a pre-printed check-off form, it is entitled to little weight. Dr. Fairleigh's opinion also finds no support in his own treatment notes or the record as a whole. Prior to August 12, Dr. Fairleigh never imposed any restrictions on plaintiff's ability to sit, stand, or walk despite the fact that he had been treating her for two years. Instead, Dr. Fairleigh noted on a number of occasions, including in January, March, September, and December 2011, that plaintiff was being treated conservatively, doing well, and responding well to her medication. T. 381, 386-87, 407. Notably, the ALJ made no mention of Dr. Fairleigh in her decision and plaintiff's counsel alleged no error in that regard, indicating that neither the ALJ nor plaintiff's counsel considered Dr. Fairleigh's treatment of plaintiff particularly significant for purposes of this disability

claim.

Moreover, Dr. Edmund Molis, a state agency medical consultant, opined on November 4, 2010, that plaintiff could perform a modified range of light work. T. 373-80. Specifically, Dr. Molis found that plaintiff could occasionally lift and/or carry twenty pounds, frequently lift and/or carry ten pounds, and stand and/or walk and sit about six hours in an eight-hour workday. T. 374. Dr. Molis also found that plaintiff could occasionally climb ramps or stairs; never climb ladders, ropes, or scaffolds; frequently balance; and occasionally stoop, kneel, crouch, and crawl. T. 375. Subsequently, on May 2, 2012, Dr. C.W. Koulisis, an orthopedic surgeon, opined that claimant could continuously lift and carry up to ten pounds; frequently lift and carry eleven to twenty pounds; and sit, stand, and walk for a total of eight hours each in an eight-hour workday. T. 435-36. Like Dr. Molis, Dr. Koulisis further found that claimant could occasionally climb stairs and ramps; never climb ladders or scaffolds; continuously balance; and occasionally stoop, kneel, crouch, and crawl. T. 438. The ALJ assigned great weight to the opinions of both Dr. Molis and Dr. Koulisis, while finding plaintiff's allegations not fully credible. T. 27. Based on those facts, and all of the evidence of record in this case, the court finds that Dr. Fairleigh's August 6, 2012, Opinion does not undermine the ALJ's decision and that while there is evidence that plaintiff experienced significant pain as a result of chronic neck and back problems, there is no competent evidence that the pain rendered her disabled. As a result, the Appeals Council did not err in refusing to remand this matter to the ALJ for consideration of the "new and material" evidence.

**ACCORDINGLY, it is ORDERED:**

1. The decision of the Commissioner is AFFIRMED and plaintiff's application for Supplemental Security Income is DENIED.

2. The clerk is directed to close the file.

At Pensacola, Florida, this 3rd day of September, 2014.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**